FOULSTON SIEFKIN LLP
1551 N. Waterfront Parkway, Suite 100
Wichita, Kansas 67206-4466
Telephone 316-267-6371

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF KANSAS
## KANSAS CITY DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| BROOKE CORPORATION, et al., ) | |
| a Kansas Corporation, ) | Case No. 08-22786 |
| ) | (Jointly Administered) |
| Debtor. ) | Chapter 7 |
| ) | |
| ) | |
| ALBERT A. RIEDERER, TRUSTEE OF ) | |
| BROOKE CORPORATION, ) | |
| BROOKE CAPITAL CORPORATION ) | |
| (f/k/a BROOKE FRANCHISE ) | |
| CORPORATION) and BROOKE ) | |
| INVESTMENTS, INC., ) | |
| ) | |
| v. ) | Adv. No. 10-06240 |
| ) | |
| ALLIANT BANK; ) | |
| BANK VI; ) | |
| THE BRADY NATIONAL BANK; ) | |
| SAVINGS BANK OF MAINE (f/k/a ) | |
| CALAIS FEDERAL SAVINGS BANK); ) | |
| CITIZENS COMMUNITY BANK; ) | |
| COMMERCIAL BANK; ) | |
| COMMUNITY BANK; ) | |
| CORNERBANK, NA; ) | |
| EQUITABLE BANK (f/k/a EQUITABLE ) | |
| FEDERAL SB OF GRAND ISLAND; ) | |
| EXCHANGE BANK OF FAIRFAX; ) | |
| FARMERS BANK OF GREEN CITY; ) | |
| FARMERS AND MERCHANTS BANK ) | |
| OF HILL CITY; and ) | |
| FIRST BANK OF TROY; ) | |
| ) | |
| Defendants ) | |
| ) | |

# OBJECTION OF FARMERS AND MERCHANTS BANK OF HILL CITY TO TRUSTEE'S OMINUBS PROCEDURES MOTION

COMES NOW, the Farmers and Merchants Bank of Hill City ("FMB")by and through counsel, Terry C. Cupps of Foulston Siefkin LLP, and for its objection to the Trustee's Omnibus Procedures Motion (the "Motion"), states as follows:

## Preliminary Statement

1. The Trustee, then acting as a state court receiver, filed voluntary Chapter 11 petitions for on Brooke Corp. and Brooke Capital October 28, 2008 in the United States Bankruptcy Court for the District of Kansas. Brooke Investments filed a voluntary Chapter 11 petition on November 3, 2008 in the United States Bankruptcy Court for the District of Kansas. These cases were all converted to Chapter 7 on June 29, 2009.

2. Between October 22 and October 28, 2010, shortly before the running of the statute of limitations on filing avoidance actions pursuant to 11 U.S.C. §546(a), the Trustee filed 84 separate adversary actions against 461 defendants.

3. The Trustee's Motion divides these adversaries into four categories and proposes discovery and mediation procedures for each category.

4. FMB is a defendant in the above-captioned adversary. This adversary is categorized by the Trustee in his motion as a "Category D" adversary proceeding which contains "miscellaneous" adversaries which do not fit within any of the other categories defined by the Trustee.

5. While, in principle, FMB recognizes that it may be in the best interest to the parties to the Trustee's adversaries for the Court to adopt streamlined procedures to efficiently administer

- 2 -

these adversaries, the Trustee, under the guise of proposing streamlined procedures, the Trustee cannot seek to deny the defendants rights to which they would otherwise be entitled or shift discovery burdens and costs to the Defendants which should be borne by the Trustee.

**Objections**

6. The Trustee seeks to require any defendants who file a motion to dismiss the Trustee's complaint to make all required Rule 26 disclosures, mediate and comply with all other deadlines while the motion for dismiss is pending. A defendant should not be required to incur the expense of engaging in these activities until the Court has ruled on the defendant's motion to dismiss. Any order entered granting the Motion should provide for the suspension of any actions a defendant is required to take under the procedures order until the Court has ruled on the defendant's motion to dismiss and any further pleadings are closed.

7. Under paragraphs 25 and 26 of the Motion, the Trustee seeks to require the Category D defendants to make their Rule 26 disclosures within 60 days from the entry of a procedures order.

The Trustee, however, seeks to avoid his obligations to make such disclosures. Under paragraph 26 Trustee will make his disclosures only upon the request of a defendant and will then dump a hard drive containing 300 to 500 GB of information on the defendant at an estimated cost of $500.00. The Trustee should be required to provide his Rule 26 disclosures to each defendant, in a usable format, which apply to the Trustee's claims against that defendant and without cost to the defendant.

8. The Motion requires the defendants to participate in mandatory mediation without discovery. Paragraphs 29 through 31 of the Motion require the defendants to engage in mediation and complete the mediation between 30 and 90 days following the entry of an order granting the Motion. During the pendency of the mediation all discovery by a defendant is stayed. The chances

- 3 -

of successfully resolving the Trustee's claims through mediation are greatly diminished if the defendant does not have the information to evaluate the Trustee's claims or its own defenses. Any mandatory mediation should be scheduled only after the parties have had a chance to engage in meaningful discovery.

9. In paragraphs 38 and 39 of the Motion, a defendant in its position statement is required to disclose to the Trustee all transfers the defendant received from any Debtor within two years of the debtor's bankruptcy filing. The Trustee, however, is not required to make any disclosures to the defendant as part of the mediation process. The Trustee is not entitled to require the defendant to do his discovery for him before the mediation. This is particularly true in this case in which the Trustee seeks to exempt himself from making proper initial Rule 26 disclosures and seeks to stay discovery requests from the defendant. The mandatory mediation disclosures described in paragraph 38 of the Motion should be stricken.

10. Default as a sanction for a party's failure to comply with the mediation process is extreme. Paragraph 44 of the Motion should be stricken and the proper sanction for failure to mediate should be left to the discretion of the Court.

11. Just as he attempts to avoid his initial disclosure obligations in paragraph 26 of the Motion, the Trustee seeks to avoid specifically responding to a defendant's discovery. In paragraphs 46 through 48 of the Motion, the Trustee seeks to the have the Court "deem" that the Trustee has properly responded to a defendant's document request by providing the defendant access 800 to 1,200 boxes of documents with an inventory of the documents. The defendant must then search these documents and assemble the responsive information. Similarly, as to electronically stored documents, the Trustee has sold the computers containing these documents to a third party. The Trustee indicates there are several terabytes of electronically stored information on these computers

- 4 -

and that the Trustee should again be deemed to have properly responded to a defendant's discovery request by allowing the defendant to pay for the right to access this information and to pay a third party to search this information for responsive requests. The Trustee's proposed responses to a defendant's document requests, either paper or electronic, are not proper and the court should not deem them to be so. The Trustee, who filed these adversaries, cannot avoid his responsibilities to properly respond to a defendant's document requests or shift the burden or cost of locating and properly producing documents which are responsive to a proper discovery request.

12. In Paragraphs 65 and 66 of the Motion, the Trustee seeks to have the court determine that all documents and information provided by the Trustee to a defendant be deemed confidential even though the debtors are all out of business and have no proprietary information of value. However, if a defendant produces documents or information to the Trustee, this information is not deemed confidential and the defendant must designate any documents or information the defendant whishes to assert is confidential. While the Trustee's files may contain certain confidential information such as social security number or financial accounts or information or former insureds or agents, the Trustee should be required to identify the specific types of documents and information he reasonably believes is confidential and only those documents and that information should be deemed confidential. Alternatively, all documents and information produced by to the Trustee by a defendant should likewise be deemed to be confidential.

13. FMB reserves the right to join in or adopt all or part of any objections to the Trustee's Motion which have been or may be filed herein.

## Conclusion

While procedures orders can be effective tools to allow the Court to efficiently administer numerous adversaries filed by a Trustee, they should not deny the defendants in the

- 5 -

adversary substantive rights or in the name of expediency relieve the Trustee from his obligations as a plaintiff in the adversaries. The procedures proposed in the Trustee's Motion are not consistent with notions of fair play or due process.

WHEREFORE, FMB prays that the Trustee's motion be denied or modified to resolve FMB's objections set forth above and for such other and further relief as the court deems just and equitable.

s/ Terry C. Cupps
Terry C. Cupps, #11299
FOULSTON SIEFKIN LLP
1551 North Waterfront Parkway, Suite 100
Wichita, Kansas 67206-4466
(316) 267-6371
(316) 267-6345 fax
   *Attorneys for Defendant*
   *Farmers and Merchants Bank of Hill City*

CERTIFICATE OF SERVICE

       I hereby certify that on January 12, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and the same was provided by a notice of electronic filing to the following:

       Benjamin F. Mann
       Douglas J. Schmidt
       John J. Cruciani
       Kathryn B. Bussing
       Michael D. Fielding
       HUSCH BLACKWELL SANDERS LLP
       4801 Main Street, Suite 1000
       Kansas City, MO 64112
       benjamin.mann@huschblackwell.com
       john.cruciani@huschblackwell.com
       michael.fielding@huschblackwell.com
            *Attorneys for Trustee*

                        s/ Terry C. Cupps
                        Terry C. Cupps, #11299