**SO ORDERED.**

**SIGNED this 29th day of July, 2013.**



_____
Dale L. Somers
United States Bankruptcy Judge
_____

Opinion Designated for Electronic Use, But Not for Print Publication
IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| In re: | |
|---|---|
| BROOKE CORPORATION, et al., | CASE NO. 08-22786 |
| DEBTORS. | CHAPTER 7 |

**MEMORANDUM OPINION AND ORDER GRANTING
TRUSTEE'S MOTION FOR ORDER DIRECTING RECORDS EXAMINATION OF
VGM BROKERAGE, INC., AND VGM GROUP, INC., PURSUANT TO
FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004, AND
DENYING MOTION FOR PROTECTIVE ORDER**

After hearing argument, the Court took under advisement the Motion for Order Directing Records Examination of VGM Brokerage, Inc. (VGM) and VGM Group, Inc. (VGM Group) pursuant to Federal Rule of Bankruptcy Procedure 2004,[1] filed by Christopher J. Redmond, Trustee of Brooke Corporation, Brooke Capital Corporation, and Brooke Investments, Inc. (collectively Debtors). CJD & Associates, LLC (CJD), and Davidson-Babcock, Inc. (DB),

---

[1] Dkt. 3920.

defendants in adversary proceedings filed in this case, have filed a Motion for Protective Order,[2] which is also under advisement. The Court has jurisdiction.[3]

**BACKGROUND FACTS.**

In 2011, the Trustee commenced an adversary proceeding against CJD[4] seeking to avoid allegedly preferential transfers and fraudulent conveyances made by Debtors to CJD. The proceeding is in the early stages of discovery. The parties appear to agree that CJD has ceased conducting business and has no assets. The Trustees "understands" that prior to Debtors' bankruptcy filings in 2008, CJD did business as "Davidson Babcock," and that in 2009, all (or substantially all) of CJD's assets were transferred to DB.[5] After the filing of the adversary proceeding against CJD, DB sold or transferred substantially all of its assets to VGM Group, the parent company of VGM. VGM was established as an Iowa Corporation doing business under

---

[2] Dkt. 3935.

[3] This Court has jurisdiction pursuant to 28 U.S.C. § 157(a) and § 1334(a) and (b) and the Standing Order of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's bankruptcy judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective July 10, 1984. A motion for a records examination under Fed. R. Bankr. P. 2004 and a motion for protective order are core proceedings which this Court may hear and determine as provided in 28 U.S.C. § 157(b)(2)(A) or (O). There is no objection to venue or jurisdiction over the parties.

[4] Case no. 11-6236. The Trustee also filed an adversary complaint against DB, Case no. 11-6238. The complaint against DB is identical to the complaint against CJD, except the amended complaint against DB includes the allegation that DB is liable for the avoidable transfers to CJD as the successor in interest to CJD. DB filed a motion to dismiss contending that the complaint is deficient and subject to being dismissed for failure to state a claim. Case no. 11-6238, Dkt. 37. At the hearing on the motion to dismiss, which was at the same time as the hearing of the motions currently under consideration, the parties agreed that the DB litigation would be stayed until the earlier of (1) the Trustee seeking leave to amend his complaint to add claims of successor liability or alter ego, or (2) resolution of the Trustee's claims against CJD. The Court will therefore analyze the request for a Rule 2004 records examination and the motion for protective order based upon the pendency of the adversary proceeding against CJD, but without considering the pendency of the adversary proceeding against DB.

[5] Dkt. 3950 at 1.

2

the name of "Davidson Babcock" and is licensed in the State of Missouri as an insurance agency. Based upon these understandings, "the Trustee believes that VGM is the legal alter ego of and/or successor in interest of DB who was the legal alter ego of and/or successor in interest of CJD."[6]

**PARTIES' POSITIONS.**

The Trustee states he currently lacks sufficient information to evaluate the likely liability of DB and VGM as successors to CJD, and has filed his motion for an order directing a records examination of VGM and VGM Group under Rule 2004[7] to obtain records relating to such potential liability. He argues that the requested records are clearly within the broad scope of examination permitted under Rule 2004, since they relate directly to claims that Debtors may have, which, if pursued and collected, would result in a greater distribution to creditors.

CJD and DB move for a protective order. They concede that Rule 2004 generally can be used to inquire into the potential liability of successors in interest to recipients of voidable transfers. But they argue that the pendency of the adversary action against CJD makes that general proposition inapplicable here. According to CJD and DB, once the avoidance action was filed against CJD, any inquiries relating to the action must proceed under the Federal Rules of Civil Procedure applicable to adversary proceedings, not Rule 2004. They also argue that discovery as to the liability of a successor to CJD must be deferred until after a judgment against CJD is entered and must then proceed under Civil Rule 69(a)(2),[8] which permits discovery in aid

---

[6] Dkt. 3950 at 2.

[7] Fed. R. Bankr. P. 2004. References in the text to the Federal Rules of Bankruptcy Procedure will be to "Rule___."

[8] Fed. R. Civil P. 69(a)(2). References in the text to the Federal Rules of Civil Procedure shall be to "Civil Rule ___."

3

of execution on a judgment. In addition, it is argued that some of the requested records are privileged attorney-client communications between CJD and its counsel, and BD and its counsel.

The Trustee responds that the requested documents are within the permissible bounds of Rule 2004. He further asserts that the request is an exercise of the Trustee's duty to obtain more information at this time so he may make an informed decision regarding the prosecution of claims against CJD, including whether to amend his complaint to assert successor liability of VGM and DB. As to the attorney-client privilege, the Trustee argues that either CJD or BD waived any applicable privilege when the records were delivered to VGM, or VGM controls the privilege.

**DISCUSSION.**

The Court finds that the Trustee may obtain records from VGM and VGM Group under Rule 2004 concerning the potential liability of DB and VGM as successors to CJD. An entity may be examined under Rule 2004 as "to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate."[9] The scope is very broad. A Rule 2004 examination is commonly referred to as a "fishing expedition." Rule 2004 is properly used by a trustee to reveal the nature and extent of the estate, and as a pre-litigation device to determine if there are grounds to bring an action.[10] In this case, the Trustee seeks the records defined in the motion for an order allowing a Rule 2004 records examination from VGM and VGM Group for the purpose of determining whether to pursue DB and VGM as parties liable for allegedly avoidable transfers. The purpose clearly

---

[9] Fed. Rule Bankr. P. 2004(b).

[10] *Sweetland v. Szadkowski (In re Szadkowski),* 198 B.R. 140, 141 (Bankr. D. Md. 1996).

4

affects the administration of the estate and is within the scope of examination allowed under Rule 2004.

But there are limits on Rule 2004 examinations. One of these is the pending litigation rule, on which CJD and DB rely. It has been stated as: "once an adversary proceeding or contested matter has been commenced, discovery is made pursuant to [Rules 7026 to 7037, which incorporate the discovery rules of the Federal Rules of Civil Procedure], rather than by a [Rule] 2004 examination."[11]

Obviously, the pending litigation rule cannot be applied broadly. If the pendency of any adversary proceeding filed by a trustee precluded Rule 2004 examinations, a trustee would be precluded from examining entities who are not parties to or affected by the pending proceeding. Hence, it has been said that while discovery of evidence related to a pending adversary case must proceed under the more restrictive provisions of the Civil Rules, unrelated inquires should not be so limited because there is an adversary proceeding pending.[12] Consideration of the purpose of the rule assists in determining its application. "The primary concern of courts is the use of Rule 2004 examinations to circumvent the safeguards and protections of the Federal Rules of Civil Procedure,"[13] such as the right to the presence of counsel during a deposition and the limitation upon the scope of a deposition to matters relevant to claims that have already been asserted.

These considerations have led to a restatement of the pending litigation rule as follows:

---

[11] *In re Bennett Funding Group, Inc.*, 203 B.R. 24, 28 (Bankr. N.D.N.Y. 1996).

[12] *Id.* at 29.

[13] *In re Washington Mutual, Inc.*, 408 B.R. 45, 50-51 (Bankr. D. Del. 2009); *see also In re Dinubilo*, 177 B.R. 932, 939-40 (E.D. Cal. 1993)(under Rule 2004, witness's right to counsel is at court's discretion, witness's right to object to questions is limited, and opposing party has no right to cross-examine witnesses).

5

"Where a party requests a Rule 2004 examination and an adversary proceeding or other litigation in another forum is pending between the parties, the relevant inquiry is whether the Rule 2004 examination will lead to the discovery of evidence related to the pending proceeding or whether the requested examination seeks to discover evidence unrelated to the pending proceeding."[14]

Under the circumstances of this case, the Court finds that the pending litigation rule does not preclude the examination of VGM and VGM Group under Rule 2004. Neither VGM nor VGM Group is a party to an adversary proceeding or other litigation with the Trustee. The records requested in the Rule 2004 notice are not relevant to the liability of CJD to the Trustee alleged in the pending adversary proceeding. The records are requested to evaluate the potential liability of DB and VGM as successors in interest or alter egos of CJD. As conceded by counsel for CJD and DB at oral argument, this inquiry would be appropriate under Rule 2004 if there were no adversary proceeding pending against CJD. The Trustee is not seeking to avoid any protections afforded by the Rules of Civil Procedure, and is seeking information relevant to the performance of his duties to recover assets for the benefit of creditors, an inquiry within the purposes of Rule 2004.

CJD's second argument in support of its motion for protective order is that the inquiry regarding successor liability must await a determination of the initial defendant's liability, and thereafter be conducted under Civil Rule 69(a)(2). Two cases are cited in support.[15] But both of

---

[14]*Id.* at 51.

[15] *Max Boring & Parts Co. v. Novis Marine, Ltd.*, 2008 WL 5136955 at *2 (D.N.J. 2008); *Source Direct Holdings, Inc. v. Integritas, Inc.*, 2009 WL 3460279 at *4 (D. Utah 2009). CJD and BD also cite a text order of Judge Venters in the Interstate Bakeries Corporation bankruptcy in the Western District of Missouri where pending discovery requests under the Civil Rules regarding successor liability were apparently rejected as a defense to a motion to dismiss for failure to state a claim. *See* attachments 1, 2, and 3 to Dkt. 37, filed in Case no. 11-6238.

them arose in district court litigation where the Civil Rules limited discovery to matters "relevant to any party's claim or defense."[16] The courts held that a defendant's ability to satisfy a judgment that might be entered was not relevant to the claims asserted against it.

Here the request is made under Rule 2004, which is not so limited. Rule 2004 examinations are independent of pending litigation. Under Rule 2004, an entity may be examined as "to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate." The scope of inquiry includes potential successor liability of a recipient of allegedly avoidable transfers. To require a trustee to await entry of a judgment on avoidance claims before he or she could inquire about successor liability would be contrary to the broad scope of inquiry permitted under Rule 2004, would deny the trustee the ability to evaluate potential collection of a judgment from parties other than the named transferee, and would prolong the litigation and therefore, the administration of the estate.

Finally, CJD and BD argue in general that some of the requested records are covered by the attorney-client privilege, but fail to identify the specifics of any records which they seek to protect. The Court finds the assertion of the attorney-client privilege to be premature, and will not address the matter at this time.

**CONCLUSION.**

For the foregoing reasons, the Court grants the Trustee's Motion for Order Directing Records Examination of VGM Brokerage, Inc. (VGM) and VGM Group, Inc. (VGM Group) pursuant to Federal Rule of Bankruptcy Procedure 2004. The Court denies CJD's and BD's

---

[16] Fed. R. Civil P. 26(b)(1).

Motion for Protective Order.

The foregoing constitutes Findings of Fact and Conclusions of Law under Rule 9014 of the Federal Rules of Bankruptcy Procedure, which makes Rule 52(a) of the Federal Rules of Civil Procedure applicable to this matter.

**IT IS SO ORDERED.**

# # #