**SO ORDERED.**

**SIGNED this 19th day of April, 2016.**



*Dale L. Somers*
Dale L. Somers
United States Bankruptcy Judge

_____

Designated for online use, but not print publication
IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| In re: | |
|---|---|
| **BROOKE CORPORATION, et al.,** | **CASE NO. 08-22786** |
| | **(jointly administered)** |
| **DEBTOR.** | **CHAPTER 7** |

**MEMORANDUM OPINION AND JUDGMENT SUSTAINING
THE TRUSTEE'S OBJECTION TO CLAIM #924-1**

The Chapter 7 Trustee, Christopher J. Redmond, objects to claim #924-1 in the amount of $11,096,002.39 filed by Brooke Holdings, Inc. The claim has been transferred to Robert D. Orr, who was the largest shareholder and President of Brooke Holdings, Inc.[1] The Trustee appears by Michael J. Fielding and John J. Cruciani of Husch Blackwell LLP. Robert D. Orr (Orr) appears pro se.

---

[1] Doc. 5627.

1

**BACKGROUND**.

The Trustee's objection is based upon 11 U.S.C. § 502(d) and the entry of a final judgment under § 550 against Brooke Holdings which has not been paid. Subsection 502(d) provides that the court shall "disallow any claim of any entity from which property is recoverable under section 542, 543, 550, or 553 . . ., unless such entity . . . has paid the amount, or turned over any such property, for which such entity . . . is liable under . . . section . . . 550 . . . of this title." Colliers states:

> [The section] requires disallowance of a claim of a transferee of a voidable transfer *in toto* if the transferee has not paid the amount or turned over the property received as required under the sections under which the transferee's liability arises. The Court of Appeals for the Fifth Circuit observed: "The legislative history and policy behind section 502(d) illustrates that the section is intended to have the coercive effect of ensuring compliance with judicial orders." Once the liability of the transferee has been determined, the claim interposed by the transferee will be disallowed unless such transferee gives effect to the judgment flowing from the exercise of the powers described above.[2]

Colliers also states: "[T]he purpose of section 502(d) is to promote the pro-rata sharing of the bankruptcy estate among all creditors as well as the coercion of the payment of judgments obtained by the trustee. Creditors who have received voidable transfers to the detriment of the pool should not be entitled to make additional demands on the assets of the estate." [3]

---

[2] 4 *Collier on Bankruptcy,* ¶ 502.05[1] at 502-55(Alan N. Resnick & Henry J. Sommer eds.-in-chief, 16th ed. 2015).

[3] *Id.*, ¶502.05[2][a] at 502-56 to 502-57.

The Trustee has been granted summary judgment against Brooke Holdings under § 550, and the judgment has not been paid. The Trustee contends that such non-payment causes disallowance of the claim as held by Orr. Since Orr is an insider of Brooke Holdings and had knowledge of the Trustee's litigation against Brooke Holdings, Orr is not a good faith transferee of Brooke Holdings claim and § 502(d) applies to the claim as held by him.[4]

To avoid the disallowance, Orr has attempted to the undermine the judgment against Brooke Holdings and contends that claims he plans to bring will establish his entitlement to payment.[5] The question is whether the Trustee's § 502(d) objection should be granted on the pleadings, not withstanding Orr's attempts to discredit the judgment and urging that the matter should not be determined because Orr is planning litigation against the Trustee's counsel.

**THE JUDGMENT AGAINST BROOKE HOLDINGS IS FINAL, AND THE TIME TO APPEAL HAS EXPIRED.**

The judgment against Brooke Holdings was obtained in Adversary 10-6225 (Adversary Proceeding), which was filed on October 26, 2010, against multiple

---

[4] *In re Enron*, 379 B.R. 425 (D.S.D.N.Y. 2007); *In re KB Toys*, 470 B.R. 331 (Bankr. D. Del. 2012).

[5] After this matter was placed under advisement, Orr filed Claimholder's Motion to Vacate Default Judgment (Doc # 215) as document 285 in the Adversary Proceeding. The Court declines to consider the merits of the motion because it was untimely filed. At the March 31, 2016 hearing, Orr had notice that the Court would review the pleadings and possibly take the matter under advisement, but he failed to promptly supplement the record. Further, Orr lacks standing to move under Rule 60(b) to set aside a judgment against Brooke Holdings.

3

defendants. There were four counts against Brooke Holdings: Count I for preferential transfer; Count II for constructive fraudulent conveyance; Count III for recovery of avoided transfers under § 550; Count IV for disallowance of claim under § 502(d); and Count V for subordination/ recharacterization of claim. Brooke Holdings answered, generally denying the Trustee's allegations but not asserting affirmative defenses. On April 3, 2014, the Trustee filed a motion for summary judgment against Brooke Holdings on Counts I, II, and III. Brooke Holdings did not respond. The motion for summary judgment was granted on July 10, 2014, finding $5,100,800 in preferential transfers, $13,143,980.77 in fraudulent transfers, and that such amounts are recoverable under § 550. But no separate judgment was filed under Federal Rule of Civil Procedure 54(b).

During a hearing/status conference on Orr's motion to reopen the Adversary Proceeding[6] held on October 27, 2015, the Court discussed on the record the need for a judgment under Rule 54(b), since there was no reason to delay entry of judgment against Brooke Holdings on Counts I, II, and III. The Trustee responded by filing his motion to dismiss Count V, to consolidate Count IV with the § 502(d) claim objection, and for entry of final judgment on Counts I, II, and III. (Doc. 275). Orr objected. At a hearing on that motion on December 18, 2015, the Court granted the Trustee's motion and directed the preparation of an order to be signed by counsel for the Trustee and by Orr. The parties

---

[6] Case no. 10-6225, doc. 263.

Case 08-22786    Doc# 5681    Filed 04/19/16    Page 4 of 12

prepared such a document. It was entered on January 5, 2016, and is styled as an Agreed Final Judgment. No appeal has been filed, and the time to appeal has expired.

**ORR'S ATTEMPTS IN THE ADVERSARY CASE TO SET ASIDE THE JUDGMENT AGAINST BROOKE HOLDINGS WERE UNSUCCESSFUL AND THERE ARE NO PENDING MOTIONS.**

Before the entry of the Agreed Final Judgment, Orr made repeated unsuccessful attempts in the Adversary Proceeding to preclude, amend or set aside the judgment against Brooke Holdings. He continues to bring these matters to the Court's attention.

The Trustee's motion for summary judgment against Brooke Holdings was filed on April 3, 2014.[7] On May 15, 2014, Orr, who at that time was the holder of Brooke Holdings' claim, filed a response to the Trustee's motion for summary judgment.[8] On May 16, 2014, Orr filed a motion for leave to file a motion for summary judgment on the Brooke Holdings counts denying claim disallowance, subordination and recharacterization,[9] a motion so moving,[10] and a memorandum in support.[11] On July 1, the Trustee moved to strike Orr's response to the Brooke Holdings summary judgment motion and objected to Orr's motion for leave to file his own summary judgment motion

---

[7] *Id.*, doc. 176.

[8] *Id.*, doc,. 186.

[9] *Id.*, doc. 190.

[10] *Id.*, doc. 191.

[11] *Id.*, doc. 192.

5

relating to Broke Holdings.[12] Orders sustaining the Trustee were filed. Orr filed a motion for reconsideration on July 16, 2014.[13] On July 24, 2014, Orr filed a motion for reconsideration of the default judgment against Brooke Holdings.[14] The Trustee objected on the basis that Orr lacked standing and the motion was untimely.[15] Orr subsequently withdrew both motions for reconsideration, stating:

> After informal discussions with defendant representative in two of the Major Pending adversary actions (Doc. # 5293, Case 22786), the Claimholder has concluded that the manifest injustice to claimholders referenced in the Claimholder's motion to reconsider (Doc. #219, Doc #221) cannot be remedied by changes in the Court's orders (Doc #208, Doc #209, Doc #215) because it is unlikely that bankruptcy estate assets will be sufficient to provide any significant distributions to claimholders. Accordingly, it is likely that any remedies must result from litigation occurring after the bankruptcy estate has been closed and the amount of distributions to claimholders is known.[16]

On September 3, 2015, after settlement of the claims with all remaining defendants, the adversary case was closed, not withstanding the open claims against Brooke Holdings in Counts IV and V. On September 21, 2015, Orr moved to reopen the case because of the outstanding Count IV to disallow Brooke Holdings' claim.[17] The

---

[12] *Id.*, docs. 203 and 204,

[13] *Id.*, doc. 219.

[14] *Id.*, doc. 221.

[15] *Id.*, doc. 224.

[16] *Id.*, doc. 226, at 2-3.

[17] *Id.*, doc. 263.

Trustee opposed the motion[18] but later filed his motion to dismiss Count V, to consolidate Count IV with the claim objection, and to enter final judgment on Counts I, II, and III.[19] Orr objected that it was premature to rule of the Trustee's motion since his motion to reopen the adversary proceeding was pending. The Trustee's motion was set for separate hearing on December 18, 2015. At that hearing, the Court granted the Trustee's motion and directed the parties to prepare the Agreed Judgment, which they did. As a result, a final judgment was entered against Brooke Holdings on Counts I, II, and III of the Adversary Proceeding, Count V was dismissed, and Count IV has been consolidated with the claim objection. Although Orr's motion to reopen the Adversary Proceeding was never ruled upon, it was effectively granted when the Court granted the Trustee's motion for judgment, to dismiss Count V, and to consolidate and entered the stipulated judgment.

**THE JUDGMENT AGAINST BROOKE HOLDINGS HAS NOT BEEN SET ASIDE, AND ORR LACKS STANDING TO SO MOVE.**

When defending the Trustee's objection to claim #924-1, Orr suggests that the judgment against Brooke Holdings is invalid or should be set aside under Federal Rule of Civil Procedure 60(b), incorporated into bankruptcy procedure by Bankruptcy Rule 9024. Orr purchased Brooke Holdings' claim against the Debtors with notice of its impairments. He therefore has the rights of an assignee, not a holder in due course and acquired rights against the Brooke estates only to the extent that the Brooke estates are obligated to

---

[18] *Id.*, doc. 267.

[19] Id., doc. 275.

7

Case 08-22786    Doc# 5681    Filed 04/19/16    Page 7 of 12

Brooke Holdings. If the claim of Brooke Holdings would have been unenforceable against the Brooke estates if no assignment had been made, the right of Orr to enforce the claim is subject to the same infirmity.[20]

The § 550 judgment against Brooke Holdings is final and a timely appeal has not been filed. Brooke Holdings has not filed a motion to set aside the judgment. Federal Rule 60(b) provides that "on motion and just terms, the court may relieve a *party or its legal representative* from a final judgment." The Tenth Circuit has held that persons other than a party or its legal representative do not have standing to file a Rule 60(b) motion. It stated:

> This court has held that the term 'legal representative' embraces an heir at law who stood in the same position as the deceased judgment debtor in respect to real property transferred to the heir. The Fifth Circuit has similarly allowed a trustee in bankruptcy standing as a 'legal representative' under rule 60(b) because of the trustee's power and status in respect to assets of the estate under the Bankruptcy Act. The analysis is clear: A 'legal representative' under the rule is one who by operation of law is tantamount to a party in relationship to the matter involved in the principal action. . . . If the threshold bar were not restricted, rule 60(b) could be opened to the broadest claims of ancillary jurisdiction and thereby thwart the finality of principal judgments and established procedures to correct fundamental legal errors. More importantly, any relationship between the cause of action in chief and that brought into the court's jurisdiction through its ancillary jurisdiction would become irreparably attenuated. We therefore hold that an attorney does not have standing to move under rule 60(b) as a 'legal representative.'[21]

---

[20] Restatement (Second) of Contracts § 336(1) (1981).

[21] *W. Steel Erection Co. v. United States*, 424 F.2d 737, 739 (10th Cir. 1970).

8

Brooke Holdings, the entity with standing, has not filed a Rule 60 motion, and Orr has not stated intent to retain counsel for Brooke Holdings to pursue the matter. Orr does not have standing to file a motion under Rule 60(b). He is the successor of Brooke Holdings only as holder of the claim, and not as a judgment obligor.[22]

**ORR'S PLEADINGS FILED IN RESPONSE TO THE CLAIM OBJECTION DO NOT RAISE ISSUES WHICH MUST BE LITIGATED.**

When agreeing to the entry of judgment in the Adversary Proceeding, Orr attempted to preserve his right to litigate all of his complaints concerning the objection to the claim, including those against Husch Blackwell, the law firm representing the Trustee. The Agreed Judgment which includes consolidation of Count IV of the adversary complaint with objection to the proof of claim states:

> Rob Orr and Brooke Holdings, Inc. have not opposed consolidation of Count IV with the claim objection pending in the main case proceeding provided that they are provided the procedural safeguards afforded by Fed. R. Bankr. P. 7001, *et seq*. and provided that the allegations of Count IV (including, but not limited to, paragraph 95 of the Complaint) continue to be incorporated and/or included with the claim objection.[23]

Paragraph 95 of the Complaint is the paragraph which incorporates paragraphs 1 through 94 of the Complaint into Count IV.

---

[22] Assuming that Orr had standing in the Adversary Proceeding (a very doubtful assumption) to pursue matters related to Brooke Holdings' liability, both his motion to reconsider dismissal of his attempt to file a motion for summary judgment (Doc. 219) and his motion to reconsider the grant of default judgment against Brooke Holdings (Doc. 221) were withdrawn by him.

[23] Case no 10-6225, doc,. 279, at 4.

9

Case 08-22786    Doc# 5681    Filed 04/19/16    Page 9 of 12

Orr has filed three pleadings attempting to set forth his defense to the Trustee's objection to his claim. The first is Claimholder's Reply to Trustee's Claim Objection.[24] In it, he first argues that the claim (Brooke Holdings' claim against the estate, which has been transferred to Orr) exists solely because of improper actions of Redmond's partners and employer prior to the bankruptcy. "Husch Blackwell's pre-bankruptcy neglect made Brooke Corporation insolvent and therefore incapable of repaying its promissory Note to Brooke Holdings, which resulted in this Claim against Brooke Corporation's bankruptcy estate."[25] This is an argument why the claim held by Orr is not a valid claim against the estates. It defeats, rather than supports, the payment of the claim. Second, Orr argues that the default judgment against Brooke Holdings is tainted by conflicts of Husch Blackwell. Very loosely construed, this could be a basis to set aside the judgment, but Brooke Holdings has not moved to do so, and Orr lacks standing to file such a motion.

The second pleading is Claimholder's Surreply.[26] In his surreply, Orr argues that the extraordinary circumstance identified in his reply and his withdrawal of his motion for reconsideration of the default order, provide a basis for a Rule 60(b) motion. Assuming this is correct, no such motion has been filed, and Orr lacks standing to do so.

---

[24] Doc. 5526.

[25] *Id.*, 2.

[26] Doc. 5528.

Case 08-22786   Doc# 5681   Filed 04/19/16   Page 10 of 12

The third pleading is supplement to claimholder's reply, surreply, and claim.[27] In this pleading Orr alleges that manifest injustice exists. Although Orr does not expressly so state, it appears that he is arguing the presence of manifest injustice as grounds to set aside the judgment against Brooke Holdings. The arguments of manifest injustice are: Husch Blackwell caused Brooke Corporation's collapse (resulting in the claimholder's claim); the allegations of Count IV of the Adversary Proceeding relate to Husch Blackwell's misconduct; Count IV allegations were made to exonerate Husch Blackwell; the preliminary default judgment against Brooke Holdings resulted from Husch Blackwell's efforts to financially starve Orr; and Brooke Holdings was an unrepresented party to the agreed judgment because Orr was financially starved by Husch Blackwell. These arguments do not cure the defects in the supplemented pleadings.

At the hearing on March 31, 2016, Orr provided the Court with four pages of a proposed complaint to be filed in the United States District Court for the District of Kansas, styled Robert D. Orr v. Husch Blackwell, LLC, Douglass J. Schmidt, and John J. Cruciani.[28] It appears to be the beginning of a proposed complaint alleging wide ranging misconduct. During argument Orr requested that a ruling on the Trustee's objection to his claim be delayed until this action is filed (in two weeks or so) and it survives an anticipated motion to dismiss. But there is no basis on which to conclude that the allegations are relevant to the claim objection. Any judgment which Orr may obtain

---

[27] Doc. 5529.

[28] These pages have now been filed as an attachment to doc. 5670.

11

Case 08-22786   Doc# 5681   Filed 04/19/16   Page 11 of 12

against Husch Blackwell would be relevant only if it became a basis of a successful motion to set aside the judgment against Brooke Holdings filed by Brooke Holdings. But the proposed complaint, like the pleadings previously filed by Orr, would not constitute a motion by Brooke Holdings to set aside the § 550 judgment against Brooke Holdings. Nothing in the Code or the rules of civil procedure requires a Court to defer ruling on a matter because of a vague possibility of a defense in the remote future. If it is established in Orr's litigation that wrongful actions of Husch Blackwell really were the basis for the judgment against Brooke Holdings which caused disallowance of Orr's claim, that loss could be an element of the damages recovered by Orr in his litigation against Husch Blackwell.

**CONCLUSION.**

For the foregoing reasons, the Court grants the Trustee's objection to claim #924-1. The claim of Brooke Holdings is disallowed in full under § 506(d) because the Trustee holds a judgment against Brooke Holdings under § 550 which has not been paid.

**JUDGMENT.**

Judgment is hereby entered in favor of the Trustee on his objection to Claim 94-1 and such claim is disallowed in full.

**IT IS SO ORDERED.**

###