IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS
KANSAS CITY DIVISION

| | |
|---|---|
| *In re*:<br><br>**BROOKE CORPORATION,**<br><br>Debtor. | Case No. 08-22786-DLS<br>Chapter 7 |

### APPLICATION FOR APPROVAL OF INTENDED COMPROMISE BETWEEN CHRISTOPHER J. REDMOND, CHAPTER 7 TRUSTEE, AND DEFENDANTS MIDWESTERN GENERAL BROKERAGE, LLC D/B/A WESTROPE AND ASSOCIATES AND KATHRYN M. GUSTAFSON

Christopher J. Redmond, Chapter 7 Trustee ("Trustee") of Brooke Corporation ("Brooke Corp." or "Debtor"), the debtor in the above-referenced case, hereby moves this Court pursuant to Fed. R. Bankr. P. 9019 to enter an Order approving a compromise by and between the parties herein, and authorizing the dismissal of Midwestern General Brokerage, LLC d/b/a Westrope and Associates ("Westrope") and Kathryn M. Gustafson ("Gustafson") from the D&O Lawsuit (defined below), as more fully set forth herein. In support of this Application, the Trustee states as follows:

### Background

1.  Brooke Corp. filed a voluntary Chapter 11 petition on October 28, 2008 in the Bankruptcy Court for the United States District of Kansas.

2.  On October 29, 2008, the Bankruptcy Court entered an Order appointing Albert Riederer as the Chapter 11 Trustee of Brooke Corp. (and of the affiliated case, Brooke Capital Corporation). On November 13, 2008, the Court also entered an Order appointing Albert Riederer as the Chapter 11 Trustee of Brooke Investments, Inc. effective as of its petition date, November 3, 2008.

3.  The Bankruptcy Court entered orders directing the joint administration of the three bankruptcy cases.

4. On June 29, 2009, the Bankruptcy Court entered an Order converting the proceedings to Chapter 7 and noted the U.S. Trustee's decision to appoint Albert Riederer as Chapter 7 Trustee of the Debtors upon conversion of the three bankruptcy cases and the U.S. Trustee appointed Albert Riederer as the Chapter 7 Trustee of each of the three bankruptcy cases.

5. On November 3, 2011, Albert Riederer resigned as the Chapter 7 Trustee of each of the three bankruptcy cases and the U.S. Trustee appointed Christopher J. Redmond as the successor Chapter 7 Trustee of each of the three bankruptcy cases.

6. The three bankruptcy cases were subsequently de-consolidated by orders of this Court.

**The D&O Lawsuit**

7. The action commonly referred to as the D&O lawsuit originated on February 15, 2013, by a lawsuit filed by certain former directors and officers of Brooke and its affiliates in the Circuit Court of Jackson County, Missouri, styled: Kindrick, et al. vs. Midwestern General Brokerage Inc., et al., Case No. 1316-CV03944 (the "D&O Lawsuit").[1] The D&O Lawsuit was initiated by the Trustee's counsel pursuant to the settlement the Trustee reached with certain directors and officers in the case styled, Christopher Redmond, Chapter 7 Trustee of Brooke Corporation, Brooke Capital Corporation and Brooke Investments, Inc. v Kutak Rock, LLP, et al., Case No.: 11-CV-02456-JTM/JPO ("Kutak"). The settlement between Trustee and those directors and officers was approved by this Court on May 24, 2012 [*See* Docket Nos. 2282 and 2328].

---

[1] The full case caption was: *WAYNE KINDRICK, LINDSAY OLSEN, BRANDEN BANKS, ANITA LARSON, BARBARA DAVISON, DERROL D. HUBBARD, JOE L. BARNES, JOHN L. ALLEN, SHAWN T. LOWRY, CHAD S. MAXWELL, DANE DEVLIN, AND MITCHELL G. HOLTHUS, Plaintiffs, vs. MIDWESTERN GENERAL BROKERAGE INC., DBA WESTROPE AND ASSOCIATES, KATHRYN M. GUSTAFSON, DONALD C. DANIELS, CJD & ASSOCIATES, LLC, DAVIDSON-BABCOCK, INC., VGM BROKERAGE, INC., AND VGM GROUP, INC., Defendants.*

8. On February 19, 2016, the Plaintiffs (the "<u>Kindrick Plaintiffs</u>")[2] re-filed the D&O Lawsuit in Jackson County, Missouri, which was assigned Case No. 1616-CV03974. This Court has previously approved settlement agreements with all other defendants in the D&O Lawsuit, such that Westrope and Gustafson are the only remaining defendants.

9. In the D&O Lawsuit, the Kindrick Plaintiffs assert various claims against Westrope and Gustafson. Westrope and Gustafson each deny liability for claims asserted in the D&O Lawsuit and have set forth various defenses thereto.

10. The D&O Lawsuit was scheduled for jury trial beginning on February 5, 2019, in the Jackson County Missouri Circuit Court. On February 5, 2019, a panel of twelve (12) jurors and three (3) alternates was seated. The Circuit Court also conducted hearings on preliminary matters and motions in limine on the afternoon of February 5, 2019. Opening statements were scheduled to begin on the morning of February 6, 2019. Late in the evening on February 5, 2019, the parties reached a settlement, as summarized below.

**Settlement**

11. The Parties have agreed to resolve their disputes by a one-time payment by defendants Westrope and Gustafson to the Trustee in the total amount of $1,600,000 ("<u>Settlement Amount</u>"). The Settlement Amount shall be payable to the bankruptcy estate of Brooke Corporation. The Settlement Amount shall be paid to the Trustee within fifteen (15) days following entry of a final, non-appealable Order by the Bankruptcy Court approving this Application.

12. As a result of these negotiations, the Parties entered into that certain Settlement Agreement[3] (the "<u>Settlement Agreement</u>") which sets forth the terms and conditions of the resolution of the disputes between the Parties. A copy of the Settlement Agreement (including

---

[2] The Kindrick Plaintiffs consist of: *WAYNE KINDRICK, LINDSAY OLSEN, BRANDEN BANKS, ANITA LARSON, BARBARA DAVISON, DERROL D. HUBBARD, JOE L. BARNES, JOHN L. ALLEN, SHAWN T. LOWRY, CHAD S. MAXWELL, DANE DEVLIN, AND MITCHELL G. HOLTHUS.*

[3] Terms not otherwise defined in this Application are defined in the Settlement Agreement.

exhibits thereto) is attached hereto and incorporated herein as Exhibit A.[4] Prominent features of the Settlement Agreement include:[5]

    a. Payment of the $1,600,000 in cash, with each party to pay their own costs and fees, to be paid by Westrope and Gustafson, to the bankruptcy estate of Brooke Corporation, within fifteen (15) calendar days after the Bankruptcy Court's order approving this Application becomes final and non-appealable;

    b. A mutual release of claims; and

    c. Dismissal of Midwestern General Brokerage, LLC d/b/a Westrope and Associates and Kathryn M. Gustafson from the D&O Lawsuit, which will conclude in full the D&O Lawsuit.

13. The Trustee has been involved in the prosecution of the D&O Lawsuit, including attending depositions, hearings, mediations and meetings related to the same. The Trustee has consulted with his counsel and counsel for the Kindrick Plaintiffs at length with respect to the D&O Lawsuit and this settlement. As such, the Trustee is keenly aware of and fully informed of the various factual and legal underpinnings of the D&O Lawsuit in order to appropriately exercise his business judgment with respect to this proposed settlement.

14. The Trustee further asserts that the Kindrick Plaintiffs have fully cooperated with counsel and the Trustee in the prosecution of the D&O Lawsuit such that upon approval of the instant Application, any and all obligations that the Kindrick Plaintiffs have under the settlement between Trustee and the Kindrick Plaintiffs as more fully set forth in the application approved by this Court [*See* Docket Nos. 2282 and 2328] should be deemed fully satisfied and fulfilled.

---

[4] As of the filing of this Application, the parties are in the process of gathering one final signature on the Settlement Agreement. The Trustee believes this final signature will be obtained in near term.

[5] This summary of the Settlement Agreement is for information and convenience purposes. To the extent there are any differences between the summary set forth in this Application and the specific terms of the Settlement Agreement, the Settlement Agreement shall control.

**Relief Requested and Applicable Law**

15. The Trustee requests that the Court approve the compromise set forth above in accordance with Fed. R. Bankr. P. 9019, which provides in relevant part:

> (a) Compromise. On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

Fed. R. Bankr. P. 9019(a).

16. Fed. R. Bankr. P. 9019 vests the Bankruptcy Court with broad authority to approve or disapprove all compromises and settlements affecting the bankruptcy estate.

17. A bankruptcy court's decision to approve a settlement must be an informed one based upon objective evaluation of developed facts. *Reiss v. Hagmann*, 881 F.2d. 890 (10th Cir. 1989). The court should consider the likelihood of success and the expected delay caused by the litigation. *Id*. Compromises are favored in bankruptcy. *In re Southern Medical Arts Companies, Inc.*, 343 B.R. 250 (B.A.P. 10th Cir. 2006). The 10th Circuit BAP has developed the following four-prong test for evaluating compromises: "(1) the chance of success on the litigation on the merits; (2) possible problems in collecting the judgment; (3) the expense and complexity of the litigation; and (4) the interest of the creditors." *Southern Medical Arts*, 343 B.R. at 256; *see also In re Kopexa Realty Venture Company*, 213 B.R. 1020 (B.A.P. 10th Cir. 1997).

18. "The purpose behind compromises is to allow the trustee and the creditors to avoid the expenses and burdens associated with litigating sharply contested and dubious claims." *Southern Medical Arts*, 343 B.R. at 255. The decision of whether to approve a proposed settlement is within the sound discretion of the Bankruptcy Court. *In re Flight Transportation*

*Corporation Securities Litigation*, 730 F.2d 1128, 1136 (8th Cir. 1984); *In re Revelle*, 259 B.R. 905 (Bankr. W.D. Mo. 2001).

19. In determining whether to approve a proposed settlement, the Court does not substitute its judgment for that of the trustee, but instead should canvas the issues to determine that the settlement does not fall below the lowest point in the range of reasonableness. *In re Apex Oil Co.*, 92 B.R. 847, 866 (Bankr. E.D. Mo. 1988). The standard for approval of a compromise is whether the proposed compromise is "fair and equitable" and in the best interests of the estate. *Id.* The trustee's judgment in recommending a settlement should not be substituted as long as the settlement is reasonable. *Id.; see also In re Texas Extrusion Corp.*, 836 F.2d 217 (5th Cir. 1988).

20. The Trustee believes that the settlement set forth above is fair and equitable, in the best interest of creditors and the bankruptcy estate, and is an appropriate exercise of the Trustee's business judgment, after due consideration of alternative courses of action. The proposed compromise resolves substantial issues among the parties and avoids the risks and costs inherent in litigation of the D&O Lawsuit. A copy of the proposed order approving this Application is attached hereto and incorporated herein as Exhibit B.

WHEREFORE, the Trustee requests that, pursuant Bankruptcy Rule 9019, the Court (a) approve the proposed compromise and settlement set out herein between the Trustee and Midwestern General Brokerage, LLC d/b/a Westrope and Associates and Kathryn M. Gustafson; (b) authorize the Trustee to take all actions contemplated under the Settlement Agreement and this Application; and (c) for such other and further relief as the Court deems just and proper.

Dated: February 25, 2019.

Respectfully submitted,

s/ *John J. Cruciani*
| | |
|---|---|
| John J. Cruciani | #16883 |
| Michael D. Fielding | #20562 |

HUSCH BLACKWELL LLP
4801 Main Street, Suite 1000
Kansas City, Missouri 64112
(816) 983-8000; FAX (816) 983-8080
john.cruciani@huschblackwell.com
michael.fielding@huschblackwell.com

*Attorneys for the Trustee*

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of February, 2019, a true and correct copy of the above and foregoing was served by the method or methods specified below:

　X　 by **electronically** filing with the Court using the CM/ECF system, which sent notification to the U.S. Trustee and all parties of interest participating in the CM/ECF system.

　X　 via **U.S. Mail**, properly addressed to the parties and/or counsel, who do not receive notice electronically via CM/ECF, as set forth on the matrix attached to the original of this Motion on file with the Clerk.

*s/ John J. Cruciani*
Attorney